IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
JUN 18 2014

| | | |
|---|---|---|
| CHRISTOPHER ROBERSON, | * | |
| | * | CASE NO. 14-CV-4096 |
| Plaintiff, | * | |
| | * | **COMPLAINT AND DEMAND** |
| | * | **FOR JURY TRIAL** |
| vs. | * | |
| | * | |
| INTERBAKE FOODS, LLC, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      Plaintiff, a current employee, of Interbake Foods, LLC. (Defendant), seeks declaratory and injunctive relief, compensatory damages, backpay, and frontpay from Defendant arising from Defendant's violation of his rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

### JURISDICTION AND VENUE

2.      Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

3.      Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1331 and 1343, and 42 U.S.C. 2000e, et seq.

4.      This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

1

5. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

## PARTIES

6. Plaintiff, Mr. Christopher Robeson, is an African-American, male citizen of the United States and the State of Iowa. He is a resident of the State of Iowa.

7. Defendant, Interbake Foods, LLC is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

8. Defendant, Interbake Foods, LLC, is a Delaware limited liability company, registered to do business in South Dakota and conducting business operations within this District.

9. Plaintiff is an employee of Defendant within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

## FACTS

10. Plaintiff was hired by Defendant on or about December 7, 2012, as a warehouse employee/forklift driver at its facilities located in North Sioux City, Union County, South Dakota.

11. During the majority of the time when the unlawful conduct occurred, Plaintiff was the only African-American employee in the Defendant's warehouse department.

12. Plaintiff worked in an environment where, on a consistent basis, where he was subjected to racial comments by his supervisor, Mr. Matt Dendy, and other co-workers, including but not limited to being called "cocoa" and "cocoa puff." Examples of such conduct include the following:

2

      A.     On or about February 15, 2013, Mr. Dendy, in the presence of another co-worker, referred to Plaintiff as "cocoa puff."

      B.     In February 2013, Plaintiff was referred to as "cocoa" and "cocoa puff" by two employees.

      C.     On or about April 15, 2013, when attempting to give instruction to Plaintiff, Mr. Dendy referred to Plaintiff directly as "cocoa" while giving Plaintiff an instruction.

      D.     On or about June 13, 2013, a co-worker, in the presence of Plaintiff, stated that "little cocoa puff showed up."

      E.     On several occasions, Plaintiff has been subjected to inappropriate racial comments while in the break room.

      F.     On or about July 18, 2013, Plaintiff's name was posted highlighting errors he had made in his work. Plaintiff's errors, however, were similar to errors committed by other co-workers, but Plaintiff was the only employee singled out.

      G.     On or about July 18, 2013, Plaintiff learned that several co-workers were spreading rumors that Plaintiff was a "drug addict" due to his race.

      H.     On or about July 29, 2013, Plaintiff learned that co-workers were referring to him as "shit."

13.     When Plaintiff reported this conduct to upper management, the Defendant indicated such behavior would not be tolerated, but the conduct continued.

14.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991. Plaintiff timely filed his charge within 180 days of

occurrence of the last discriminatory act. Plaintiff also timely filed his lawsuit within ninety days of the receipt of his Right-To-Sue Letter from the Equal Opportunity Commission.

## CAUSES OF ACTION

### COUNT I – RACIALLY HOSTILE WORK ENVIRONMENT

15. Plaintiff realleges and incorporates herein by reference Paragraphs One through Fourteen above with the same force and effect as it fully set out in specific detail herein below.

16. During the course of his employment, Plaintiff was subject to a racially hostile work environment as he was subjected to unwelcome discriminatory ridicule and insult that was severe and pervasive and has affected the terms and conditions of his employment with Defendant and created an abusive environment .

17. Defendant was aware of this hostile and abusive environment and refused to take appropriate remedial action.

18. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate remedial action.

19. Defendant is vicariously liable for the conduct of the employees and supervisors that harassed Plaintiff.

20. Said racial harassment was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

21. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment, injunctive relief, compensatory damages, and punitive damages is his only means of securing adequate relief.

22. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by the Court.

23. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments hereto;

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory employment practices;

C. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

D. Grant Plaintiff the appropriate amount of backpay, frontpay, interest, and benefits due to Plaintiff as a result of Defendant's conduct;

E. Award Plaintiff his costs and expenses, including an award of reasonable attorneys' fees; and,

F. Award such other relief as may be appropriate.

Dated in Sioux Falls, South Dakota, this 18th day of June, 2014.

Respectfully Submitted,

*[signature]*

Nichole J. Mohning
CUTLER & DONAHOE, LLP
100 North Phillips, 9th Floor
Sioux Falls, SD 57104-6725
Tel.: 605/335-4950
Fac.: 605/335-4961
nichole@cutlerlawfirm.com