IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER ROBERSON, | |
| Plaintiff, | CASE NO. |
| | **AMENDED COMPLAINT AND** |
| vs. | **DEMAND FOR JURY TRIAL** |
| INTERBAKE FOODS, INC. | |
| Defendant. | |

# COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff, a current employee, of Interbake Foods, Inc. (Defendant), seeks declaratory and injunctive relief, compensatory damages, backpay, and frontpay from Defendant arising from Defendant's violation of his rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

3. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1331 and 1343, and 42 U.S.C. 2000e, et seq.

4. This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5.      Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

## PARTIES

6.      Plaintiff, Mr. Christopher Robeson, is an African-American, male citizen of the United States and the State of Iowa.  He is a resident of the State of Iowa.

7.      Defendant, Interbake Foods, Inc., is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

8.      Defendant, Interbake Foods, Inc., is doing business within this District.

9.      Plaintiff is an employee of Defendant within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

## FACTS

10.     Plaintiff was hired by Defendant on or about December 7, 2012, as a warehouse employee/forklift driver.

11.     During the majority of the time when the unlawful conduct occurred, Plaintiff was the only African-American employee in the Defendant's warehouse department.

12.     Plaintiff worked in an environment where, on a consistent basis, where he was subjected to racial comments by his supervisor, Mr. Matt Dendy, and other co-workers, including but not limited to being called "cocoa" and "cocoa puff."  Examples of such conduct include the following:

   A.    On or about February 15, 2013, Mr. Dendy, in the presence of another co-worker, referred to Plaintiff as "cocoa puff."

   B.    In February 2013, Plaintiff was referred to as "cocoa" and "cocoa puff" by two employees.

    C. On or about April 15, 2013, when attempting to give instruction to Plaintiff, Mr. Dendy referred to Plaintiff directly as "cocoa" while giving Plaintiff an instruction.

    D. On or about June 13, 2013, a co-worker, in the presence of Plaintiff, stated that "little cocoa puff showed up."

    E. On several occasions, Plaintiff has been subjected to inappropriate racial comments while in the break room.

    F. On or about July 18, 2013, Plaintiff's name was posted highlighting errors he had made in his work. Plaintiff's errors, however, were similar to errors committed by other co-workers, but Plaintiff was the only employee singled out.

    G. On or about July 18, 2013, Plaintiff learned that several co-workers were spreading rumors that Plaintiff was a "drug addict" due to his race.

    H. On or about July 29, 2013, Plaintiff learned that co-workers were referring to him as "shit."

  13. When Plaintiff reported this conduct to upper management, the Defendant indicated such behavior would not be tolerated, but the conduct continued.

  14. On October 31, 2013, Plaintiff filed a complaint with the Equal Opportunity Commission (Charge No. 32J-2014-00007) protesting the treatment he had received during his employment with the Defendant.

  15. Since filing the complaint with the Equal Opportunity Commission, Defendant engaged in retaliatory action against Defendant in response to Plaintiff's decision to file a complaint with the Equal Opportunity Commission. Examples of the retaliatory action taken against Plaintiff include the following:

    A. On or about March 28, 2014, Plaintiff learned that a co-worker was not disciplined for failing to come to work.  However, when Plaintiff reported a half an hour late for work, Plaintiff received a disciplinary suspension.

    B. On or about April 3, 2014, Plaintiff received a coaching session for leaving the Defendant's facility during his lunch period.  Plaintiff received the coaching session despite the fact that other of the Defendant's employees were permitted to leave the Company's facility during the lunch period without being subject to discipline.

    C. On or about April 7, 2014, Plaintiff was summoned to his supervisor's office for allegedly not answering his radio.  Plaintiff was not the person being summoned on the radio.  Plaintiff's supervisor indicated to Plaintiff that if he did not answer his radio, he would be subject to disciplinary action.  Plaintiff's co-workers have not been given the same warning.

    D. On or about May 22, 2014, Plaintiff's supervisor, Mr. Dendy told Plaintiff that he hoped Plaintiff would not show up for work so that Plaintiff would lose his job.  To this end, Mr. Dendy instructed a co-worker to bypass the day shift in an effort to force Plaintiff to first shift, where Mr. Dendy believed it would be harder for Plaintiff to show up for work, which would permit the Defendant to discharge Plaintiff under its attendance policy.

    E. On or about May 22, 2014, Plaintiff's supervisor purposefully assigned Plaintiff to work with a co-worker, who Plaintiff had previously complained had made racially hostile remarks to Plaintiff.

    F. On several occasions since February 2014, Plaintiff has been called into his supervisor's office, and his job has been threatened.

16. On October 20, 2014, Plaintiff filed a complaint with the Equal Opportunity Commission (Charge No. 443-2014-01350) protesting the actions taken by the Defendant as set forth in Paragraph 15 above.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991

A. Plaintiff filed his initial Charge of Discrimination (Charge No. 32J-2014-00007) on October 31, 2013, which was within 180 days of the commission of the last discriminatory act. Plaintiff's Right-to-Sue Letter from the Equal Opportunity Commission was dated March 27, 2014. This action was commenced within ninety days of March 27, 2014.

B. Plaintiff filed his second Charge of Discrimination (Charge No. Charge No. 443-2014-01350) on October 20, 2014, which was within 180 days of the commission of the last discriminatory act that formed the basis for the charge. Plaintiff's Right-to-Sue Letter from the Equal Opportunity Commission was dated January 22, 2015. Motion for Leave to file an amended complaint was made within ninety days of January 22, 2015.

## CAUSES OF ACTION

## COUNT I – RACIALLY HOSTILE WORK ENVIRONMENT

18. Plaintiff realleges and incorporates herein by reference Paragraphs One through Seventeen above with the same force and effect as it fully set out in specific detail herein below.

19. During the course of his employment, Plaintiff was subject to a racially hostile work environment.

20. Defendant was aware of this hostile and abusive environment and refused to take appropriate remedial action.

21. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate remedial action.

22. Defendant is vicariously liable for the conduct of the employees and supervisors that harassed Plaintiff.

23. Said racial harassment was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

24. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment, injunctive relief, compensatory damages, and punitive damages is his only means of securing adequate relief.

25. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by the Court.

26. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct.

## COUNT II – RETALIATION

27. Plaintiff realleges and incorporates herein by reference Paragraphs One through Twenty-Six above with the same force and effect as it fully set out in specific detail herein below.

28. By reporting the unlawful, harassing conduct to his employer and by filing a complaint with the Equal Opportunity Commission Plaintiff engaged in protected conduct.

29. Following the decision by Plaintiff to report the unlawful conduct and file a complaint with the Equal Opportunity Commission on October 31, 2013 and beginning in February 2014, Defendant engaged in retaliatory employment actions against Plaintiff as a result of his decision to file the complaint with the Equal Opportunity Commission in violation of Title VII.

30. Employees who have not opposed discrimination have not been treated in a similar manner as Plaintiff.  Plaintiff was subject to adverse employment actions including, but not limited to, disciplinary write-ups and suspensions due to his engaging in the protected activity of reporting the unlawful activity and filing the complaint with the Equal Employment Opportunity Commission.

31. The actions by Defendant were taken with malice or reckless indifference to Plaintiff's federally protected rights.

32. Defendant was aware of the retaliatory action taken against Plaintiff and refused to take appropriate remedial action.  Defendant's actions were in violation of Title VII.

33. Defendant is vicariously liable for the conduct of its supervisors who have taken retaliatory action against Plaintiff.

34. The retaliation against Plaintiff is ongoing and is of a continuing nature.

35. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hererin and this suit for declaratory judgment, injunctive relief, compensatory damages, and punitive damages is his only means of securing adequate relief.

36. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by the Court.

37. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments hereto;

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

D. Grant Plaintiff the appropriate amount of backpay, frontpay, interest, and benefits due to Plaintiff as a result of Defendant's conduct;

E. Award Plaintiff his costs and expenses, including an award of reasonable attorneys' fees; and,

F. Award such other relief as may be appropriate.

Dated this 13th day of April, 2015.

/s/ *Nichole J. Mohning*
Nichole J. Mohning
CUTLER LAW FIRM, LLP
100 North Phillips, 9th Floor
Sioux Falls, SD 57104-6725
Tel.: 605/335-4950
Fac.: 605/335-4961
nichole@cutlerlawfirm.com

and

Jay M. Smith, *Pro Hac Vice*
SMITH & McELWAIN
505 Fifth Street, Suite 530
P.O. Box 1194

Sioux City, IA 51102
Tel.: 712/255-8094
Fac.: 712/255-3825
Email: smitmcel@aol.com

ATTORNEYS FOR PLAINTIFF